**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 18-55-DLB**

**RODGER WILLIAMS**                                                                                            **PLAINTIFF**

**VS.**                      **MEMORANDUM OPINION AND ORDER**

**JAMES DALEY**                                                                           **DEFENDANT**

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff Rodger Williams (aka, "Willow Williams") is an inmate confined at the Campbell County Detention Center ("CCDC") in Newport, Kentucky. Proceeding without counsel, Williams has filed a civil-rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). Williams has also filed a Motion to Proceed *in forma pauperis* (Doc. # 2), as well as a Motion for a Temporary Restraining Order (Doc. # 3).[1]

The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because the Plaintiff has been granted pauper status in this proceeding, the separate $50.00 administrative fee is waived. *See* District Court Miscellaneous Fee Schedule, § 14.

Turning to the substance of the Plaintiff's Complaint, the Court must conduct a preliminary review of the Complaint because Plaintiff has been granted permission to pay the filing fee in installments and because she asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous

---

[1] Williams indicates that she is transgender and identifies as female. (Doc. # 1). Thus, the Court will utilize feminine pronouns where possible.

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of the Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the Plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Plaintiff's Complaint alleges two separate incidents giving rise to her claims. First, she alleges that a fellow inmate, Richard McBee, exposed himself to her several times. (Doc. # 1 at 2). She alleges that, when she reported the incident, she was moved immediately. *Id*. Thus, her claim does not appear to be based on the exposure incident itself. Rather, she alleges that despite her reporting of the incident, the officers failed to take a signed statement, failed to store any footage on a media device, and failed to write a report within thirty days as to the disposition of the complaint, all of which she alleges are in violation of the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq*. *Id*.

Next, the Plaintiff alleges that Officer Taylor and Officer Shoulties searched her body during a cell/pod search for contraband, despite her protests and requests for a female officer to search her. *Id*. The day after Officer Shoulties searched her, the Plaintiff claims that she was told future searches would be conducted by whomever she felt comfortable. *Id*. However, she alleges that, on March 28, 2018, she was once again searched by a male officer, Officer Hatcher. *Id*. She alleges that, because she is a transgender inmate with breasts, this search violated the PREA. *Id*.

Based on all of these allegations, the Plaintiff alleges violations of her rights to equal protection, due process, the PREA, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). *Id.* at 3. The only Defendant named in Williams's Complaint is James Daley, the Jailer at the CCDC. *Id.* at 1.

However, as currently drafted, Williams's claims must be dismissed for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 8. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are insufficient. *Laster v. Pramstaller*, No. 08-cv-10898, 2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008).

First, to the extent that the Plaintiff seeks to bring a claim pursuant to the PREA, "the PREA does not create a private cause of action which can be brought by an individual plaintiff." *Montgomery v. Harper*, No. 5:14-cv-38-TBR, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (collecting cases); *see also Hodge v. Burkhart*, No. 15-cv-105-GFVT, 2016 WL 2986262, at *5 (E.D. Ky. May 20, 2016); *Duncan v. Grief*, No. 5:17-cv-42-GNS, 2017 WL 3014827, at *4 (W.D. Ky. July 14, 2017). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study

3

the issue." *Hodge*, 2016 WL 2986262, at *5 (quoting *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008)). However, the "statute does not grant prisoners any specific rights," and "[i]n the absence of an 'unambiguous' intent to conger individual rights … courts will not imply such a right." *Id.* (citing *Chinnici*, 2008 WL 3851294, at *3). Thus, Plaintiff's claims alleging violations of the PREA must be dismissed for failure to state a claim upon which relief can be granted.

Nor does the Plaintiff's Complaint state a claim for a violation of the ADA. Although the Plaintiff fails to specify her alleged disability upon which her claim is based, presumably she is inferring that she is disabled because she is transgendered. However, transsexualism and/or gender identity disorders not related to a physical impairment are not "disabilities" under the ADA. *See* 42 U.S.C. §§ 12211(b), 12102; *see also Johnson v. Fresh Mark, Inc.*, 337 F. Supp. 2d 996, 1001 (N.D. Ohio 2003), *aff'd*, 98 F. App'x 461 (6th Cir. 2004).

Finally, with respect to Plaintiff's remaining equal-protection and due-process claims, she fails to name a viable defendant against whom these claims may proceed. The only defendant named in her Complaint is James Daley, the Jailer of the CCDC. However, Williams alleges no facts whatsoever connecting Daley to any alleged violations of her equal-protection or due-process rights. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

691 (1978)). Therefore, for a supervisor (such as Jailer Daley) to be held liable under § 1983, he must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the Plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Although the Plaintiff makes allegations regarding the conduct of other individual guards and officers, the Complaint does not name any of these officers as defendants. Simply put, as there are no allegations regarding any purported conduct by Jailer Daley, there is no basis for imposing liability on Daley. Thus, Plaintiff's claims against Daley must be dismissed.

Even if the Plaintiff's due-process and equal-protection claims against Daley were construed to be brought against him in his "official" capacity, an "official capacity" claim against a state officer is not a claim against the officer arising out of his conduct as an employee of the state, but is actually a claim directly against the state agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that the Plaintiff seeks to bring claims against Daley in his "official capacity," such claims are construed as civil-rights claims against the municipality, Campbell County.

However, while the Plaintiff claims that the actions of the jail staff were wrongful, she does not assert that these actions were taken pursuant to an established policy or custom of Campbell County.  Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, a plaintiff must set forth sufficient factual allegations regarding the county policy or custom that allegedly caused the injury.  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Monell*, 436 U.S. at 694.

The Plaintiff points to no such policy in the Complaint, and these claims are therefore subject to dismissal for failure to state a claim.  *Id.*; *Bright v. Gallia Cty.*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 436 (6th Cir. 2013).  In fact, the only policy alluded to by the Plaintiff in her Complaint is the allegation that, after she complained of being searched by male officers, she was told by jail staff that, in the future, she would be searched by whomever she felt comfortable.  At most, she suggests that Officer Hatcher may have violated this policy when he searched her after this policy was put in place.  But, lacking from the Complaint is any suggestion that such a practice "is so widespread as to have the force of law."  *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).  Moreover, an allegation that a single officer violated a policy does not make out a § 1983 municipal-liability claim, because the

imposition of such liability would be *respondeat superior* liability, under the guise of a policy or practice.

In sum, the Plaintiff's Complaint fails to allege any personal involvement by Daley in the denial of her constitutional rights, nor does the Complaint take issue with any Campbell County policy or custom that allegedly caused her injury. Therefore, the Plaintiff's Complaint fails to state a § 1983 claim against Daley, whether construed to be pled against him in his individual or official capacity. Because he is the only defendant identified in the Complaint, the Plaintiff has failed to state a claim for which relief may be granted and the Complaint will be dismissed.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff Rodger Williams's Motion for Leave to Proceed *in forma pauperis* (Doc. # 2) is **GRANTED**. Payment of the filing and administrative fees are **WAIVED**;

(2) Plaintiff Rodger Williams's Complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim;

(3) Plaintiff Rodger Williams's Motion for a Temporary Restraining Order (Doc. # 4) is **DENIED AS MOOT**;

(4) A **JUDGMENT** shall be entered contemporaneously herewith; and

(5) This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 24th day of April, 2018.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Williams 18-55-DLB Memorandum WHM.docx